**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CAROL BENDIK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1276 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PNC BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Defendant's Motion for Summary Judgment (Doc. 33) will be granted.

## I.    MEMORANDUM

Plaintiff alleges that Defendant improperly terminated her employment on the basis of her age and sex, in violation of the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.  Complaint, Doc. 1.  Defendant contends that it terminated Plaintiff for dishonesty in violation of its policies and standards of conduct (Defendant's Answer and Affirmative and Additional Defenses to Plaintiff's Complaint, Doc. 9, at ¶23) and has filed a Motion for Summary Judgment ("MSJ," Doc. 33).

As discussed below, while Plaintiff may quibble about Defendant's interpretation of certain facts, there are no genuine issues of material fact for trial.[1]

---

[1] The Court notes that many, if not all, of Plaintiff's "denials" of Defendant's facts outlined in its Statement of Material Facts ("Def. SOF," Doc. 34) are not disputes of fact, but Plaintiff's interpretations and opinions.  As Defendant noted in its reply, such contentions do not refute the substance of the facts and are not supported by any evidence in the record as required by LCvR 56.

**A. Plaintiff has not established facts sufficient to support a prima facie case of discrimination.**

Whether Plaintiff disagrees with Defendant's decision to terminate her, she has not provided any facts to demonstrate that such decision was motivated by anything other than Defendant's belief that she had violated its policy and acted dishonestly. First and foremost, none of the facts before the Court demonstrate that the circumstances surrounding Plaintiff's termination give rise to an inference of discrimination. *See* Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013) (outlining the requirements for a plaintiff to establish a *prima facie* case of sex and age discrimination).

Defendant neither replaced Plaintiff with someone outside of her protected class, nor treated her differently than employees outside of her protected class. As Defendant noted, it did not hire anyone to replace Plaintiff, as her accounts were distributed to existing employees, including individuals within her protected class. Def. SOF at ¶¶61-62. Although Plaintiff contends that she was "replaced" by two younger male employees (Response to Defendant's Statement of Material Facts ("Pl. SOF Response," Doc. 38) at ¶12), she does not provide any factual evidence to support this other than a visual observation that they appeared to be in her office or desk on occasions she visited her branch offices after her termination. Plaintiff's Brief in Opposition ("Pl. Opp.," Doc. 37) Ex. D (Doc. 37-5) at ¶5. Plainly, the physical occupation of her desk or office space is not synonymous with the actual performance of Plaintiff's former job responsibilities. Whether these male employees sat in her office space does not create a genuine material dispute as to Defendant's contention that no one was hired to replace Plaintiff after her

termination.  Simply put, Plaintiff has failed to meet her burden of establishing that she was replaced by anyone either significantly younger or male.[2]

Further, Defendant provides ample undisputed evidence that it treated individuals outside of Plaintiff's protected class similarly—that is, it terminated or would have terminated them for violating its policies and/or based on a belief that the employee engaged in dishonest conduct. Defendant terminated three significantly younger, male Financial Advisors for falsifying managed account review records—the same behavior in which Plaintiff was believed to have engaged—and would have terminated a fourth had he not resigned beforehand.  Def. SOF at ¶¶63-64.

Plaintiff attempts to argue that these men were terminated because their clients "reported that no account review had occurred" whereas Plaintiff had clients who reported that "account reviews had, in fact, occurred."  Separate Statement of Facts that Establish Genuine Issues of Material Facts for Trial ("Pl. SSOF," Doc. 39) at ¶13.  This is a misstatement of the record and, ultimately, misses the point.

Defendant had a genuine belief that Plaintiff misrepresented her account reviews by falsifying the dates on which they occurred—not whether they occurred at all—but that they did not occur when she said they did, and that it was an issue of her manufacturing dates, not an issue of misremembering when these dates occurred.  As such, Defendant acted the same way it had for any other employee it found misrepresented their account reviews: it terminated her employment, and the individuals cited above are appropriate comparators.  Def. Brief at 6.  Plaintiff has not

---

[2] In her deposition testimony, Plaintiff did not have any evidence, much less knowledge, that would undermine Defendant's position that her accounts were re-distributed to preexisting employees, which included men and women inside Plaintiff's protected classes. Indeed, Plaintiff stated she had "no idea" who replaced her, relying solely on her observations of individuals sitting in her space.  Brief in Support of Motion for Summary Judgment ("Def. Brief," Doc. 35) Ex. A (Doc. 36-2) at 213:16-215:10.

provided any facts to support an inference that Defendant discriminated against her when it terminated her employment.[3]

Because the Court finds that Plaintiff has not presented a *prima facie* case of discrimination, it need not reach any arguments regarding pretext. <u>Burton</u>, 707 F.3d at 426 ("If a plaintiff fails to raise a genuine dispute of material fact as to any of the elements of the prima facie case, she has not met her initial burden, and summary judgment is properly granted for the defendant."). Contrary to Plaintiff's conclusory assertions, she was not replaced by any individual outside of her protected class, nor was she treated differently from any comparator outside of her protected class.

Plaintiff's citation to <u>Roach v. American Radio</u>, which is not binding on the undersigned, is inapposite. 80 F. Supp. 520 (W.D. Pa. Dec. 22, 1999). In that case, the court "relaxed" the fourth element of the prima facie case because other circumstances existed giving rise to the inference of discrimination: namely, that the age of the employer's target audience was lowered and two of the oldest employees were discharged several months later. <u>Id.</u> at 532. No such facts exist here.

---

[3] Plaintiff's attempts to show that another male employee was not terminated for making false entries fails to rebut these facts because Plaintiff has failed to demonstrate that Defendant knew about that employee's false statements. Reply to Plaintiff's SSOF ("Def. SSOF Reply," Doc. 44) at ¶15. Plaintiff's contention is the legal equivalent of a tree falling in a forest and does not advance her case.

Nor does Plaintiff's discussion of stray remarks by her supervisor regarding Plaintiff's client base give rise to any inference of discrimination: these remarks about her clientele are logically unrelated to her age, but rather, the age of her clients. Further, the remarks were not in connection with her termination and were temporally remote from that decision. Pl. Opp. Ex. L (Doc. 37-13) (Noting that Plaintiff's "clientele is older," in what appears to be performance review(s) at or around 2014).

**B. Plaintiff's argument regarding hearsay is unfounded.**

The Court addresses this argument only because Plaintiff alleges that "[h]earsay evidence cannot support a Motion for Summary Judgment," as the rest of Plaintiff's opposition appears to refer to the issue of pretext, which the Court need not reach.[4] Pl. Opp. 3. Given that the evidence in question either is an exception to the hearsay rule or used as non-hearsay evidence, Plaintiff's argument lacks merit. As Defendant notes, the customer statements that Defendant relied upon to support its decision to terminate Plaintiff's employment are not hearsay, because they were used to "explain why" Defendant terminated Plaintiff — that is, for the effect on the listener, not for the truth of the matter. Reply Brief in Further Support of its Motion for Summary Judgment ("Def. Reply Brief," Doc. 42) at 1, citing Larochelle v. Wilmac Corp., 769 Fed. Appx. 57, 65 (3d Cir. 2019). Further, the written and typed notes used were authenticated as business records under Fed. R. Evid. 803(6), an exception to the hearsay rules. In fact, such information routinely (and logically) is of the type relied upon by employers when assessing performance in certain industries.

\* \* \*

Plaintiff may well continue to opine that Defendant's investigation was inadequate. She may continue to assert her innocence. Ultimately, however, Plaintiff's disagreement with these decisions are of no consequence in this matter and summary judgment is proper. *See* Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 332 (3d Cir. 1995) (recognizing that "an employer may have any reason or no reason for discharging an employee so long as it is not a discriminatory

---

[4] Much of Plaintiff's opposition presupposes that she has met her *prima facie* burden of demonstrating gender and age discrimination, but the Court cannot find that she has done so, and thus will not address her accusations of pretext. *See* Vernon v. A & L Motors, 381 Fed. App'x. 165, 168 (3d Cir. 2010) ("Because…[Plaintiff] has failed to make out a prima facie case, we need not reach the issue whether [Plaintiff] established that [Defendant's] proffered reasons for terminating her were pretextual").

reason" as the court "[d]oes not sit as a super-personnel department that reexamines an entity's business decisions.  No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere.") (internal quotations and citations omitted) and  Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (holding that "Plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.").

## II.    ORDER

Plaintiff was informed at multiple junctures of this case about the importance of establishing a *prima facie* case, i.e., present evidence to give rise to an inference that her termination was motivated based on her age or gender.  She has failed to do so.  Consistent with the foregoing, Defendant's Motion for Summary Judgment (**Doc. 33**) is **GRANTED**.  Plaintiff's Complaint is dismissed with prejudice.


June 30, 2021                                              s/Cathy Bissoon                    
                                                                   Cathy Bissoon
                                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record